FILED

JUL -1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>           )<br>    Plaintiff, )<br>           )<br>    v. )<br>           )<br>           )<br>JONATHAN ANTONIO SERPA, )<br>           )<br>    Defendant. )<br>_____ )<br>           ) | No. CR 11-00360 CW (DMR)<br><br>DETENTION ORDER |

I. DETENTION ORDER

Defendant Jonathan Antonio Serpa is charged in an indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). On June 30, 2011, Defendant made his initial appearance; the United States moved for Defendant's detention and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Defendant did not request a full bail study at this time. Pretrial Services did, however, prepare a criminal record report. At the July 1, 2011 hearing before this Court, Defendant waived the timing of his right to proffer information at a detention hearing, *see* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing, with the assistance of counsel, to testify, to present witnesses, to cross-examine adverse

DETENTION ORDER
CR 11-00360 CW (DMR)                                1

cc:   Copy to parties via ECF, 2 Certified copies to U.S. Marshal, Nikki, Pretrial Services

witnesses, and to present information by proffer or otherwise), and retained his right to proffer relevant information at a later hearing.

The Court reviewed both the criminal record check as well as the information contained in the sworn affidavit supporting the May 13, 2011 criminal complaint in this matter. After considering the limited information presently available to the Court, as well as the factors set forth in 18 U.S.C. § 3142(g), the Court detains Defendant because it appears that no condition or combination of conditions will reasonably assure the safety of other persons and the community if he were to be released from custody at this time. *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

## II. CONCLUSION

The Court detains Mr. Serpa. Because Defendant waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Defendant's request at any future time.

Mr. Serpa shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: July 1, 2011

_____
DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 11-00360 CW (DMR)                            2